IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Damian Chisholm, Jr., | ) | Case No. 5:25-cv-13048-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| York County Detention Center, | ) | |
| Sargent Jinks, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants' motion to dismiss.  [Doc. 34.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kaymani D. West for pre-trial proceedings.

Plaintiff's pro se Complaint was entered on the docket on October 20, 2025. [Doc. 1.]  On March 4, 2026, Defendants filed a motion to dismiss.  [Doc. 34.]  On March 6, 2026, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of the motion to dismiss and the need for Plaintiff to file an adequate response.  [Doc. 36.]  Plaintiff failed to timely respond to the motion.  On April 14, 2026, the Magistrate Judge issued an Order directing Plaintiff to advise the Court whether he wished to continue with his case and ordering Plaintiff to file a response to Defendants' motion to dismiss by May 14, 2026.  [Doc. 38.] Again, Plaintiff failed to timely respond to the motion.

On June 3, 2026, the Magistrate Judge issued a Report recommending the action be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. [Doc. 40.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 3.]

On June 15, 2026, Plaintiff filed a letter informing the Court that he did "not want to dismiss [his] case and would like to take further action in court if necessary." [Doc. 42.] On June 18, 2026, Plaintiff filed another letter purporting to respond to Defendants' motion to dismiss. [Doc. 44.]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

Based on Plaintiff's recent filings [*see* Docs. 42; 44], the Court REJECTS the Report and Recommendation of the Magistrate Judge [Doc. 40] and declines to summarily dismiss this matter pursuant to Rule 41(b) of the Federal Rules of Civil

Procedure.  Accordingly, the Court RECOMMITS this matter to the Magistrate Judge to conduct further pretrial proceedings and issue a recommendation on the pending motion to dismiss [Doc. 34].

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

July 7, 2026
Columbia, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.