IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Damian Chisholm, Jr., | ) | C/A No.: 5:25-13048-JDA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| York County Detention Center and Sargent Jinks, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On October 20, 2025, Plaintiff Damian Chisholm, Jr., proceeding pro se, filed this action against Defendants York County Detention Center and Sargent Jinks, pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. On March 4, 2026, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 34. Because Plaintiff is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of filing an adequate response. ECF No. 36. Despite repeated warnings, Plaintiff did not file a response to the pending Motion in the allotted timeframe. For this reason, the undersigned entered a Report & Recommendation, recommending that the matter be dismissed pursuant to Federal Rule of Civil Procedure 41(b).[1] Two weeks after the undersigned issued a Report and Recommendation, Plaintiff sent a one-page letter to the court indicating that he did not want his case dismissed. ECF No. 42. A few days later, the court received another letter from Plaintiff, wherein Plaintiff provides his argument as to why his case should not be dismissed. ECF No. 44. On July 7, 2026, upon entry of an order

[1] Pursuant to the *Roseboro* order, any response by Plaintiff was due on or before April 6, 2026. After not receiving a response to the Motion to Dismiss in that timeframe, the court again advised Plaintiff that he needed to file a response and provided through May 14, 2026 to file a response to the pending Motion. More than two weeks after that extended deadline expired, the court issued its Report and Recommendation on June 3, 2026.

recommitting this matter back to the undersigned to conduct further proceedings, the undersigned has considered the arguments made in both the Motion to Dismiss, and Plaintiff's Response. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2), D.S.C, which provides for all pretrial proceedings in certain types of matters be referred to a United States Magistrate Judge. This matter is now ripe for review.

I. Background

Liberally construed, Plaintiff alleges that on August 22, 2025, while being transferred from one unit to another unit, Officer Jinks grabbed him by his wrist and bent it while Plaintiff was in handcuffs. Compl. at 5. Plaintiff alleges that he was complying with orders to leave the dorm and was following the instructions that were provided to him. Compl. at 6. Plaintiff alleges he told Officer Jinks not to "do that again," the door to the hall opened, and he was pushed forward and grabbed by his neck and his arm. Compl. at 6. Plaintiff alleges his head was pulled back by his hair, and his face was pushed into the wall, resulting in his tooth being knocked out. Compl. at 6. He further alleges his "front one is broken in half." Compl. at 6. Plaintiff alleged another officer named "Tadorrow" was present and watched the encounter. Compl. at 6. Plaintiff alleges that as a result of the incident, he suffered a broken tooth, blurred vision, a dislocated wrist, and bruised bones. Compl. at 7. Plaintiff alleges he was denied medical treatment. Compl. at 7.

II. Standard of Review

Defendants filed their Motion to Dismiss based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the

plaintiff. *Richmond, Fredericksburg & Potomac R. Co. v. U.S.*, 945 F.2d 765, 768 (1991). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Id.* The district court should apply the standard applicable to a motion for summary judgment, under which the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists. *Id.* The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Id.* "A motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009).

A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Fed. R. Civ. P. 12(b)(6). The Supreme Court considered the issue of well-pleaded allegations, explaining the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . .

550 U.S. 544, 555 (2007) (internal citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

(citing *Twombly*, 550 U.S. at 556); *see also Tobey v. Jones*, No. 11-2230, 2013 WL 286226, at *3 (4th Cir. Jan. 25, 2013) (affirming district court's denial of Rule 12(b)(6) motion, noting that *Twombly* reiterated that a plaintiff "was not required to state [] precise magical words" to plausibly plead claim). When ruling on a motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The court is also to "'draw all reasonable inferences in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009)).

Although a court must accept all *facts* alleged in the complaint as true, this is inapplicable to legal conclusions, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted). While legal conclusions can provide the framework of a complaint, factual allegations must support the complaint for it to survive a motion to dismiss. *Id.* at 679. Therefore, a pleading that provides only "labels and conclusions" or "naked assertion[s]" lacking "some further factual enhancement" will not satisfy the requisite pleading standard. *Twombly,* 550 U.S. at 555, 557. Further, the court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs., Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

Pro se complaints are to be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). While the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto,* 405 U.S. 319, 322 (1972), court is not required to recognize "obscure or extravagant claims." *Weller v. Dep't of Soc.Servs.*, 901 F.2d 387, 391

(4th Cir. 1990).

III. Analysis

A. Failure to Allege a Substantial Federal Claim

Defendants first argue that Plaintiff's Complaint should be dismissed because he has failed to assert a "substantial federal claim," and therefore this court lacks subject matter jurisdiction over Plaintiff's claims. Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when given the authority to do so by the United States Constitution and by federal statute. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). When a defendant makes a motion to dismiss pursuant to Rule 12(b)(1), the burden rests with the plaintiff to prove that federal subject-matter jurisdiction is proper. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). This circuit has held that it is insufficient to merely assert a constitutional violation. *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988). Federal jurisdiction requires that a party assert a substantial federal claim. *Id.*

Here, Defendants assert that Plaintiff has failed to assert a substantial federal claim. Defendants argue that Plaintiff alleges he is bringing a freedom of speech claim; however, he does not adequately state such a claim. They argue that what he really alleges is garden variety state tort law claims. Plaintiff filed this action pursuant to 42 U.S.C. §1983 alleging "freedom of speech which led to abuse of an inmate while handcuffed." Compl. at 4. As further described above, he then alleges that he was grabbed by the arm and pushed into a wall by an officer. Construed liberally, Plaintiff's allegations, if accepted as true, describe the alleged use of excessive force against him while he was removed from his cell. He further alleges that he was denied medical care. While the undersigned agrees that Plaintiff's claims do not adequately state a claim for a

violation of the First Amendment, he has conceivably alleged that he was denied medical care after his tooth was knocked out or broken after an altercation. In other words, Plaintiff has plausibly alleged potential Eighth Amendment and Fourteenth Amendment violations. For this reason, the undersigned disagrees that this court lacks jurisdiction to consider his claims.

B. Defendant York County Detention Center

Defendant York County Detention Center argues that under 42 U.S.C. §1983, it is not a "person" subject to suit. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). A collection of buildings, facilities, and grounds and inanimate objects do not act under color of state law. Accordingly, these defendants are not "persons" within the meaning of § 1983. *See Monell v. Dep't of Soc. Serv*., 436 U.S. 658, 690 (1978); *Nelson v. Lexington Cnty. Det. Ctr*., No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building and not a person, is amenable to suit under § 1983"). The undersigned therefore recommends dismissing any claims brought against York County Detention Center.

C. Defendant Jinks

Defendant Jinks argues that Plaintiff has failed to state a claim against him as required under Federal Rule of Civil Procedure 12(b)(6). Defendant Jinks analyzes Plaintiff's claims solely as First Amendment retaliation claims. The First Amendment "prohibits public officials from retaliating against individuals for having engaged in protected speech." *Gowen v. Winfield*, 130 F.4th 162, 173 (4th Cir. 2025) (citing *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 545 (4th Cir.

2017)). If a plaintiff alleges that an act was taken in response to the exercise of a constitutionally protected right, the plaintiff must allege that (1) he engaged in "protected First Amendment activity, (2) [the defendant] took some action that adversely affected [his] First Amendment rights, and (3) there was a causal relationship between [his] protected activity and [the defendant's] conduct." *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017) (quoting *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 499 (4th Cir. 2005)). Defendant Jinks argues that Plaintiff fails to allege a causal relationship between any speech and his alleged conduct. The Fourth Circuit has explained that a valid cause of action under § 1983 is not alleged by asserting that a common law tort was committed by a state official. Instead, a plaintiff must allege that he was deprived of some constitutional right. *Cramer v. Crutchfield*, 648 F.2d 943, 945 (4th Cir. 1981).

The undersigned agrees that Plaintiff does not adequately allege he was engaging in any protected First Amendment activity when he advised Defendant Jinks not to bend his arm back while removing him from his cell. The undersigned also agrees that, according to the allegations in Plaintiff's Complaint, Defendant Jinks had already allegedly injured Plaintiff prior to Plaintiff ever communicating with Defendant Jinks. Thus, Plaintiff's Complaint does not adequately allege a violation under the First Amendment. However, this does not end the analysis.

Defendant Jinks couches Plaintiff's allegations as an "unprovoked battery" that establishes only a tort claim, rather than a constitutional violation. In his Response, styled as a letter, Plaintiff argues that he was "assaulted in handcuffs" even after he followed the instructions provided to him. ECF No. 44. He alleges he suffered bodily injuries, including a broken tooth and a fractured wrist. EFC No. 44. Defendant Jinks's narrow reading of the Complaint is that Plaintiff only

specified that he was bringing a First Amendment claim, without considering whether Plaintiff sufficiently alleged facts to otherwise support a constitutional violation. In reviewing Plaintiff's allegations, the lynchpin of Plaintiff's Complaint is that Defendant Jinks bent his arm back and shoved him against a wall when he was removing Plaintiff from his cell, thereby causing damage to Plaintiff's arm and tooth in violation of his constitutional rights. Because Plaintiff was a pretrial detainee at the time of the incident, the proper standard to analyze his allegations that an officer responded to him with excessive force is the Fourteenth Amendment. This requires a showing that "the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015). At this stage in the litigation, in liberally construing the Complaint due to Plaintiff's pro se status, the undersigned finds that Plaintiff has adequately alleged an excessive force claim against Defendant Jinks. Additionally, to the extent Plaintiff's Complaint alleging that "they" denied him proper medical treatment, in other words, an allegation that someone violated his Eighth Amendment rights, the undersigned finds this claim is not adequately pleaded against Defendant Jinks. Plaintiff does not allege that it was Defendant Jinks who allegedly refused to treat him or failed to provide him medical treatment. For this reason, the undersigned recommends finding that Plaintiff failed to allege such a claim against Defendant Jinks.

IV. Conclusion and Recommendation

For the foregoing reason, the undersigned recommends granting in part and denying in part the Motion to Dismiss, ECF No. 34. The undersigned recommends dismissing York County Detention Center from this action. Further, the undersigned recommends dismissing any First Amendment or Eighth Amendment denial of medical care claims against Defendant Jinks. However, because

the undersigned recommends finding that Plaintiff adequately alleged a claim for excessive force against Defendant Jinks, the undersigned recommends denying the Motion to Dismiss on that ground and allowing that claim against Defendant Jinks to proceed.

**IT IS SO RECOMMENDED.**

October 14, 2026
Florence, South Carolina

Kaymani D. West
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).